SAMUEL D. MERCER v. JOHN L. MILES ET AL.

[FILED DECEMBER 17, 1889.]

Assignment: NOVATION NOT PROVED. S. D. M. entered into a contract in writing with L. and B., whereby he agreed to sell and convey certain city lots in an addition to O., and they agreed to pay him therefor the sum of $1,800, as follows: $200 on the last payment of a certain house, and the balance at the rate of $50 per quarter, commencing six months from the date of the contract, with interest at the rate of eight per cent per annum, payable quarterly. Afterwards L. and B. assigned their interest in said contract to M. E. B., S. D. M. ratifying the assignment in writing. Subsequently S. D. M. assigned said contract to J. L. M. and J. T. in writing on the back thereof, as follows: "Omaha, Neb., June 24, 1887. Assigned to J. L. M. and J. T., and payment guaranteed. S. D. M." There being $291.21 due on said contract, J. S. M. and J. T. brought suit against S. D. M. upon the guaranty. The defense was a novation of said contract, by which J. L. M. and J. T. agreed to look to the assignees of M. E. B. for payment, and to release S. D. M. Upon the evidence, *held*, no proof of a novation.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Savage, Morris & Davis*, for plaintiff in error.

*Mahoney, Minahan & Smyth*, for defendant in error, cited: Randolph, Commercial Paper, sec. 947; *Crawford v. Millspaugh*, 13 Johns. [N. Y.], 87.

COBB, J.

This cause is brought to this court on error from the county of Douglas.

The plaintiffs in the court below complained that on June 26, 1886, the defendant and Latey and Benson made a written contract whereby the defendant agreed to sell and convey to Latey and Benson lots 12 and 13 in block 10, in Walnut Hill, in said county, as platted and shown on the map of said Walnut Hill, and recorded December 11, 1883, in the clerk's office of said county, in book 50, pp. 308, 309; that said Latey and Benson, by the terms of the contract, agreed to pay to the defendant the sum of $1,800, as follows: $200 on the last payment of a certain house, and the balance at the rate of $50 per quarter, commencing six months from the date of their contract, with interest at eight per cent per annum from date until paid, payable quarterly; that on November 1, 1886, Latey and Benson sold and assigned to Mary E. Benson all their right, title, and interest in said contract, and the defendant, by proper writing and indorsement of the contract, accepted Mary E. Benson as purchaser, in the place of Latey and Benson, the said Mary taking said contract subject to all payments due to the defendant; that afterwards, on June 24, 1887, the defendant assigned the contract, and all moneys and payments due, and to become due thereon, to plaintiffs by indorsement as follows: " Omaha, Neb., June 24, 1887.   Assigned to John L. Miles and James Thompson, and payment guaranteed.   Samuel D. Mercer."

The defendant on the same day executed to the plaintiffs a separate written instrument assigning said contracts to them, and agreeing as a part of the same transaction to pay them the amount due, and which might become due, upon the contract in case of the failure of Latey and Benson, and Mary E. Benson, to pay the same when they became due.

Mercer v. Miles.

That by the terms of the contract there was due plaintiffs on June 26, 1887, $50·; on September 26, 1887, $50 principal, and $30 interest; on December 26, 1887, $50 principal, and $30 interest; and on March 26, 1888, $50 principal, and $31.21 interest; making a total sum due and unpaid of $291.21, which amount is now due plaintiffs, who demanded the same of Latey and Benson and of Mary E. Benson and one John H. Gibson, who claimed to have some interest in the contract, and payment was refused by all of them, of which plaintiffs gave the defendant immediate notice, and he has neglected and refused to pay the same or any part thereof. Plaintiffs pray judgment, etc.

The defendant answered, admitting the execution of the contract with Latey and Benson; the assignment to Mary E. Benson; the assignment to plaintiffs, and the guaranty of payment by defendant as set out; but whether or not payment had been made of the amounts due, he had no knowledge other than plaintiff's petition.

2. The defendant says that at the time of the execution of said contract he was the owner of said real estate, and upon the assignment of the contract to plaintiffs conveyed the legal title thereof to them; that subsequent to the assignment set out in the petition, the plaintiffs knowingly and consenting thereto, permitted Mary E. Benson to assign said contract to other persons, thereby suffering others than the said Mary to become substituted as principal debtors therein, and releasing the said Mary; that various substitutions of the principal debtors were permitted and consented to by plaintiffs, but the order of said substitutions defendant cannot state, but charges that said contract was assigned to one Perrine, to one Parks, to one Henry Homan, and to one John H. Gibson; that all of said assignments were made without the knowledge or consent of defendant, and with the knowledge and consent of plaintiffs. Defendant is informed and believes that said Gibson is now the principal debtor in said contract, and so charges the fact to

be; and says that he is insolvent, and that plaintiffs have at various times extended the time of payment of said sums without the consent of defendant; that by reason of said assignments and substitutions the defendant is released from his liability on said guaranty and has been damaged to the full amount of the sums due on said contract; that plaintiffs have not resorted to any proceedings to foreclose said contract, or to subject said land to the payment of the amounts due thereunder, and therefore prays judgment that the plaintiffs take nothing by their suit, etc.

The plaintiffs in reply denied that any assignment of the contract mentioned was ever made by Mary E. Benson with the knowledge and consent of plaintiffs; and they further denied that they ever accepted any assignee of Mary E. Benson as a principal debtor on said contract, and further denied that they ever consented or agreed to any assignment of said contract to Perrine, Parks, Homan, or Gibson, or any of them, as the principal debtor on said contract; and they further denied that they had at any time extended the time of payment of said contract, and prayed for judgment, etc.

There was a trial to a jury with a verdict for the plaintiffs of $304.45.

The defendant's motion for a new trial was argued and overruled and judgment entered on the verdict, to which the defendants excepted on the record, and assigned the following errors:

1. The court erred in excluding as evidence the petition of plaintiffs against Mary E. Benson, J. H. Gibson, and Samuel D. Mercer in the district court of said county, marked Exhibit B of the bill of exceptions.

2. In excluding as evidence the contract marked Exhibit A of the bill of exceptions, with assignments thereon.

3. In sustaining the motion of plaintiffs to strike out the evidence of Perrine, Gibson, Homan, and Benson.

4. In instructing the jury to find for plaintiffs.

The defense relied upon is that the plaintiff knowingly and consenting permitted Mary E. Benson to assign the contract to other persons, thereby suffering others than her to become principal debtors, and thereby releasing her.

Whether this allegation and that which follows it in the answer would constitute a defense to the action need not be further considered.   It is sufficient to say that no evidence was introduced and none offered tending to prove that the assignment of the contract by Mrs. Benson, or any subsequent assignment, if others were made, was with the consent or knowledge of the plaintiffs or was ratified by them after having been made either expressly or by implication.

It appears indirectly that two payments were indorsed on the contract.   The evidence leaves it most probable that these indorsements were made by the plaintiff's collecting clerk, Thompson, but no evidence was offered to show by whom they were made.   The inference is sought to be drawn from certain testimony that they were made by Gibson, the last assignee of the contract, and from these premises the conclusion follows that the plaintiff recognized and approved the assignment to him; and consequently that the defendant was released of his contract of guaranty.   Neither of these conclusions, to my mind, follow the premises.   It is true that some of the parties to whom the contract passed testified that they did not make the payments, but it is to be observed that Mrs. Benson was not called as a witness, and the evidence from which the conclusion is sought that she could not have made the payments is inconclusive and remote; but even had any one of the parties in whose possession the contract is shown to have been, made these payments, I do not think the receipt of them by the plaintiffs' collector would have amounted to a novation of the contract by which the defendant would have been released as guarantor. .

Upon the whole issues presented, I think that the in-

struction of the court to the jury to find for the plaintiff was correct, and that it must be upheld.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.